UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL EDWARD MOORE,

    Defendant.
_____/



FILED by _____ D.C.

MAR 27 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION IN LIMINE [D.E. #259]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the government's response, recommends to the District Court as follows:

1. The Motion In Limine addresses the Defendant's prior conviction for grand theft auto. This is the only evidence that the motion addresses. The motion seeks to have this prior conviction for grand theft auto excluded under Federal Rules of Criminal Procedure, Rule 404(b).

2. The government's response sets forth three specific prior convictions which it intends to introduce at trial relating to this particular Defendant. As taken from the government's response, those prior convictions are from January 19, 2006 in the Fifteenth Judicial Circuit of Florida for the offense of grand theft of a motor vehicle. The second conviction is listed as occurring on August 14, 2009 in the Fifteenth Judicial Circuit of Florida for attempted robbery. The third conviction is listed by the government as occurring on August 14, 2009 in the Fifteenth Judicial Circuit of Florida for attempted robbery with a firearm and aggravated battery with a firearm.

3. As referenced above, the Defendant's motion only seeks to exclude the conviction for grand theft. The Defendant's motion states that the conviction occurred over seven years ago and is not substantially similar or reasonably close in time to the crimes

charged in the Indictment in this case. Additionally, the motion alleges that the conviction for grand theft auto in the Fifteenth Judicial Circuit in January 2006 is a "generic charge" and that there is nothing unique or similar in regards to that prior conviction which bears any similarity to the crimes charged in the Indictment in this case.

4. The government responds and states that the Defendant, along with co-defendants, is charged with several bank robberies. In connection with those bank robberies, the Defendant and his co-defendants stole vehicles which were utilized in these bank robberies and later abandoned. The government argues that the Defendant, by entering his not guilty plea, has put his question of intent, knowledge and motive at issue. The government contends that the evidence is relevant to facts in the case before this Court in that motor vehicles were stolen in regards to the bank robberies. Therefore, the government submits that this would permit the jury to find that the Defendant also committed, along with his co-defendants, the extrinsic act of stealing vehicles utilized in these bank robberies charged in this case. Finally, the government argues that the probative value of such evidence is not substantially outweighed by its undue prejudice.

5. In this Court's analysis, the Defendant's motion only addresses the grand theft conviction in January of 2006. Therefore, this Court will not address nor analyze the government's intent to introduce the convictions for attempted robbery, attempted robbery with a firearm, and aggravated battery with a firearm since they are not being challenged by the Defendant.

6. "Other bad acts" evidence is admissible in order to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident under Federal Rules of Criminal Procedure, Rule 404(b). United States v. Lecroy, 441 F.3d 914 (11th Cir. 2006). In Lecroy, the Eleventh Circuit addressed the fact that prior bad act evidence from ten or even fifteen years earlier was not so remote in time as to require

exclusion. Therefore, this Court discounts the Defendant's argument that the prior conviction for grand theft some seven years ago is too remote in time.

7. In determining whether or not such prior bad acts are admissible under Rule 404(b), there is a three part test. First the evidence must be relevant to the issue other than the defendant's character. In this case, the evidence of the prior grand theft auto is relevant to very similar acts of the Defendant and his co-defendants in stealing vehicles to be utilized in the robberies charged in the Indictment as the government intends to prove. Secondly, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act. In this instance, since the grand theft auto resulted in a conviction in January 2006 in the Fifteenth Judicial Circuit of Florida, the evidence of that conviction is a finding by another court that the Defendant did in fact commit the offense of grand theft auto. Third and finally, the probative value of the evidence must not be substantially outweighed by its undue prejudice. Since the prior conviction for the grand theft auto is relevant and relates to similar act evidence in this case which the government intends to introduce concerning the Defendant and co-defendants stealing vehicles for the purpose of being utilized in connection with these bank robberies, this Court finds that the probative value of such evidence is not outweighed by any undue prejudice to the Defendant. See United States v. Sawyer, 361 Fed. Appx. 96 (11th Cir. 2010).

8. This Court would also point out that the Eleventh Circuit in Sawyer supra, did address the same issues which the government raises in its response, i.e., that the Defendant has put his intent at issue by pleading not guilty and failing to take any affirmative steps to remove intent as an issue. Therefore, the Defendant's prior conviction for grand theft auto is not only relevant as part of the overall scheme which the government intends to introduce at trial concerning those bank robberies, but it does go to establish the Defendant's intent and alleged participation in the crimes charged in the Indictment. Such

evidence is found to be relevant to issues relating to the bank robberies specifically and such evidence is not being offered solely for purpose of portraying the Defendant's character.  United States v. Johnson, 348 Fed. Appx. 468 (11th Cir. 2009) and United States v. Jeanty, 358 Fed. Appx. 55 (11th Cir. 2009).

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion In Limine [D.E. #259] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 27th day of March, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Carmen M. Lineberger
Allen S. Kaufman, Esq.