UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL EDWARD MOORE
AND
ANTHONY JOHNSON,

    Defendants.
_____/



FILED by ___ D.C.

APR 24 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON
### DEFENDANT MOORE'S MOTION IN LIMINE [D.E. #274]
### AND
### DEFENDANT JOHNSON'S MOTION TO ADOPT PRETRIAL
### MOTIONS IN LIMINE [D.E. #259 AND #274]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions and the government's response, and otherwise being advised in the premises, makes the following Report and Recommendation to the District Court.

    1.    The Defendant Anthony Johnson has filed a Motion to Adopt Co-Defendants' Pre-Trial Motions In Limine [D.E. #259 and #274] which were filed by the Defendant Moore. It is this Court's understanding that Judge Martinez has granted the Defendant Johnson's motion to adopt those two Motions In Limine. Therefore, this Court will address those motions as they relate to Anthony Johnson as well as the Defendant Moore.

    2.    The Defendant Moore previously filed a Motion In Limine [D.E. #259] which this Court reviewed and on which this Court issued a Report and Recommendation on March 27, 2014. In respect to the Motion In Limine [D.E. #259], this Court's Report and Recommendation referenced that the motion at that time only sought to exclude the conviction for grand theft auto in the Fifteenth Judicial Circuit of Florida in January 2006. The government's response to that Motion In Limine [D.E. #259] also addressed two other convictions of the Defendant Moore, those being on August 14, 2009 in the Fifteenth

Judicial Circuit of Florida for attempted robbery and the conviction on that same date in that same court for attempted robbery with a firearm. As this Court's Report and Recommendation of March 27, 2014 states, since the Defendant did not address those latter two prior convictions, the Court did not analyze them in its ruling in respect to Motion In Limine [D.E. #259].

3. Insofar as the Defendant Moore is rearguing the admissibility of the January 19, 2006 conviction for grand theft auto referenced in his original Motion In Limine [D.E. #259], that matter has already been addressed by the District Court in adopting this Court's Report and Recommendation. Therefore, the District Court has adopted this Court's Report and Recommendation that the Motion In Limine [D.E. #259] be denied in respect to the admissibility of the January 2006 grand theft auto conviction and the government may introduce that conviction pursuant to the 404(b) notice that it provided to the Defendant. As a result, this Court will only address in this Report and Recommendation the two convictions from August 14, 2009 for attempted robbery and attempted robbery with a firearm.

4. While the District Court has granted the Defendant Johnson the right to adopt these motions, this Court sees no relevance nor standing that the Defendant Johnson would have to contest the admissibility of prior convictions of the Defendant Moore. The Motions In Limine [D.E. #259 and #274] are the Motions In Limine filed by the Defendant Moore relating to his prior convictions. There is no evidence before this Court in respect to prior convictions which the Defendant Johnson wishes to contest the admissibility of. This cannot be addressed by way of adopting a motion of a co-defendant which in substance does not address any specifics which are particular to any prior convictions of the Defendant Johnson. Therefore, this Court will recommend that the Motion In Limine [D.E. #274] be denied in respect to the Defendant Johnson.

5. In respect to Motion In Limine [D.E. #274] as it relates to the Defendant Moore, this Court has reviewed the motion and the government's response. This Court's reasoning and legal analysis concerning the prior convictions of the Defendant Moore are as is set forth in its prior Report and Recommendation of March 27, 2014 when this Court reviewed the Defendant's January 2006 prior conviction for grand theft auto.

6. In this case, the Defendant Moore along with co-defendants, is charged with several bank robberies. The government's theory is that the Defendant and his co-defendants stole vehicles which were utilized in these bank robberies. Those vehicles were later abandoned before the Defendant and co-defendants were taken into custody. The government argues that the Defendant and his co-defendants, by entering pleas of not guilty, have put the question of intent, knowledge, and motive at issue in respect to these several bank robberies charged in the Indictment.

7. "Other bad acts" evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident under Federal Rules of Criminal Procedure, Rule 404(b). See United States v. Lecroy, 441 F.3d 914 (11th Cir. 2006). In Lecroy, the Eleventh Circuit addressed the fact that the prior bad act evidence in that case was from ten to fifteen years earlier. The Court held that time period to not be so remote in time as to require exclusion of that prior bad act evidence. The two convictions of the Defendant Moore for attempted robbery and attempted robbery with a firearm both occurred in the Fifteenth Judicial Circuit of Florida on August 14, 2009, or less than five years ago from this date. Therefore, this Court finds that those convictions are not too remote in time so as to require exclusion.

8. There is a three part test which the Court must utilize in determining whether such Rule 404(b) evidence is admissible. First the evidence must be relevant to the issue other than the defendant's character. In this case, the Defendant and his co-defendants

are charged with several bank robberies occurring in this District. As such, the Defendant Moore's prior convictions for attempted robbery and attempted robbery with a firearm are relevant and very similar to the acts which the Defendant is charged with in this Indictment.

9. Secondly, the prior acts are prior convictions of the Defendant Moore which must be established by sufficient proof to permit a jury finding that the Defendant Moore committed the extrinsic acts memorialized by those prior convictions. Since these two prior bad acts relate to criminal convictions in the Circuit Court of Palm Beach County, Florida, the government can attempt to introduce evidence to establish those convictions and relate them to the Defendant Moore. If the government is able to introduce such evidence connecting those convictions to the Defendant Moore, that would be sufficient proof to permit a jury finding that the Defendant Moore in fact committed those extrinsic acts which resulted in the convictions referenced by the government in its Rule 404(b) Notice.

10. Thirdly, the probative value of the prior bad act evidence must not be substantially outweighed by its undue prejudice. These prior convictions for robbery related offenses in the Circuit Court in Palm Beach County are relevant and relate to similar act evidence under the government's theory of prosecution in this case involving several bank robberies. Therefore, this Court finds that the probative value of such evidence is not outweighed by any undue prejudice to the Defendant Moore. <u>United States v. Sawyer</u>, 361 Fed. Appx. 96 (11th Cir. 2010).

11. In <u>Sawyer</u>, the Eleventh Circuit specifically addressed the fact that once a defendant pleads not guilty, that he puts his intent at issue in the case. Failing to take any affirmative steps to remove that intent as an issue, the government does have the right to proceed with introduction of prior bad act evidence to establish that intent. As a result, the Defendant Moore's prior convictions for robbery related offenses as referenced above, are not only relevant as part of the overall scheme which the government intends to introduce

at trial concerning these bank robberies, but those convictions go to establish the Defendant's intent, alleged participation in the crimes charged in this Indictment, and absence of any mistake. There is no evidence before this Court that the prior bad act evidence is being introduced solely for the purpose of portraying the Defendant Moore's character. United States v. Jeanty, 358 Fed. Appx. 55 (11th Cir. 2009).

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant Moore's Motion In Limine [D.E. #274] be **DENIED** and that in respect to the Defendant Johnson, that the Motion In Limine adopted by him at [D.E. #259] and the Motion In Limine adopted by him at [D.E. #274] be **DENIED** as to the Defendant Johnson.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 24th day of April, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Carmen M. Lineberger
Allen S. Kaufman, Esq.
Valentin Rodriguez, Esq.